194 N.J. Super. 22 (1984)
475 A.2d 1275
RAYMOND D. BERTHELSEN, APPELLANT,
v.
SHARON A. HALL, ET ALS., RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted May 8, 1984.
Decided May 24, 1984.
*23 Before Judges KING, DREIER and BILDER.
George A. Price, for appellant (George A. Price, on the brief).
No brief for respondent was timely filed.
The opinion of the court was delivered by DREIER, J.A.D.
George A. Price, Esq., attorney for plaintiff, has appealed from an order of the Law Division assessing a $250 sanction against him as a result of the attorney's instituting this action when "there was no basis for the suit." The trial judge noted that he could not assess counsel fees, since defendant had appeared pro se, but the $250 was awarded as a sanction against the attorney to reimburse the defendant for his out-of-pocket costs and loss of time. The judge further noted that plaintiff's suit had been instituted against the defendant without the slightest effort to obtain the facts, and that "there was not a shred of reason why [defendant] should have been brought in."[1]
The trial judge correctly noted that R. 4:42-9 limits the awarding of attorney's fees to the situations governed by that rule or where otherwise permitted by law, but found this rule of court does not bar the imposition of sanctions through which the court can protect itself from frivolous litigation.
This case must be distinguished from Atkinson v. Pittsgrove Twp., 193 N.J. Super. 23 (Ch.Div. 1983) in which the inherent power of the Chancery court was cited as authority for the imposition of a sanction upon a plaintiff. It was there noted:
... In short, this court has the power and duty to protect the purity and efficiency of its own processes against the type of conduct pursued by plaintiff *24 herein. The court has the inherent power to protect itself and litigants against harassment and vexatious litigation and an abuse of process. [Id. at 32]
In that case the plaintiff had instituted multiple suits based upon a cause of action that had been fully adjudicated. In the case before us, however, we have the imposition of sanctions upon an attorney, and this requires a different analysis from that in Atkinson. Sanctions are not unknown to our practice, especially if they are sanctions which shift the cost of a proceeding, or some aspect of it, from a party imposed upon to the one whose conduct has necessitated the expense. See R. 4:46-6 (summary judgments opposed by a factual contention "raised in bad faith ... with knowledge that it was a palpable sham or predicated on facts known or which should have been known ... to be false."); R. 4:23-3 (costs payable for failing to comply with a proper request for admissions); R. 4:23-5 (sanction for failure to answer interrogatories in a timely manner  $50 costs imposed against "the delinquent party."); R. 2:11-4 (attorney's fees as sanction for violation of appellate rules); and N.J.S.A. 2A:18-70 (authorizing costs up to $10 for "a frivolous or vexatious claim or defense" in the Small Claims Division).
The usual sanction imposed by other jurisdictions is attorney's fees. See, eg. Viola Sportswear, Inc. v. Mimun, 574 F. Supp. 619 (E.D.N.Y. 1983), relying upon 15 U.S.C. § 1117, and the general vexatious litigation statute, 28 U.S.C. § 1927 under which an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct." Rule 11 of the Federal Rules of Civil Procedure roughly parallels our R. 1:4-8, but specifically provides that an attorney's signature on a pleading certifies, inter alia, that to the best of his knowledge (formed after reasonable inquiry) it is grounded in fact and not designed to harass. This rule specifically provides that a violation may lead to sanctions including an order to pay reasonable attorneys' fees. The court in Viola *25 Sportswear, Inc. further noted that it had inherent power over members of its bar and that "[i]f a court may assess counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial process." [574 F. Supp. at 621, quoting from Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980)]. The court there assessed $20,000 in attorneys' fees against both the plaintiff and its attorneys, jointly and severally.
Similar statutory authority exists in Massachusetts, Mass. Gen. Laws Ann., ch. 231 §§ 6F, 6G, Town of Brookline v. Goldstein, 388 Mass. 443, 447 N.E.2d 641 (Sup.Jud.Ct.Mass. 1983); Wisconsin, Wis.Stats. § 814.025, Radlein v. Industrial Fire and Casualty Ins. Co., 117 Wis.2d 605, 345 N.W.2d 874 (1984); Florida, Fla.Stats. § 57.105, Angora Enterprises v. Condominium Association of Lakeside Village, Inc., 432 So.2d 792 (Fla. Dist. Ct. App. 1983); and under United States Supreme Court Rule 49.2, Tatum v. Regents, ___ U.S. ___, 103 S.Ct. 3084, 77 L.Ed.2d 1346 (1983), cited in Atkinson. In addition, sanctions have been specifically authorized in New Jersey in Union and Burlington Counties under the Individualized Case Management Project, there by special order of the Chief Justice.
Rule 1:1-2 provides generally that the Court Rules "shall be construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." There then follows a general relaxation provision and the statement that "[i]n the absence of rule, the court may proceed in any manner compatible with these purposes." D.R. 7-102(A)(1) and (2) provides:
(A) In his representation of a client, a lawyer shall not:
(1) File a suit, assert a position, conduct a defense, delay a trial, or take other action on behalf of his client when he believes that such action would serve merely to harass or maliciously injure another.
(2) Knowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported *26 by good faith argument for an extension, modification, or reversal of existing law.
Also R. 1:18 requires that judges enforce the Disciplinary Rules. R. 1:4-8 states:
The signature of an attorney or party pro se constitutes a certificate by him that he has read the pleading or motion; that to the best of his knowledge, information and belief there is good ground to support it; that it does not contain scandalous or indecent matter; and that it is not interposed for delay. If a pleading or motion is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or motion had not been served. For a willful violation of this rule an attorney may be subject to appropriate disciplinary action, and an attorney or a party appearing pro se may be subject to punishment for contempt.
In examining this latter rule, we note the absence of the language in Fed.R.Civ.P. 11 specifically authorizing sanctions against the attorney. Rather we see that two specific procedures are prescribed, first, a disciplinary action against the attorney and second, contempt proceedings against an attorney or party appearing pro se. We have no doubt that the trial judge here could have referred this matter to the appropriate Ethics Committee or could have cited the offending attorney for contempt. See R. 1:10-2. We also are persuaded that this rule might well be amended to authorize other sanctions against an attorney, following the pattern of the Federal Rules, and we note the active consideration of similar rules at the behest of the New Jersey Law Journal (see editorial December 9, 1982), and various Supreme Court committees. If the Supreme Court had intended that counsel be subject to sanctions beyond disciplinary actions or contempt, R. 1:4-8 could have been amended, and there would have been no necessity to grant these specific sanction powers in the experimental projects in Union and Burlington County. While we agree with the laudable purposes expressed both by the trial judge here and the court in Atkinson, we suggest that until R. 1:4-8 is amended or other specific authority is given for the general imposition of sanctions upon an attorney or pro se litigant for vexatious litigation, the remedies in R. 1:4-8 should be considered exclusive and the procedural formalities of a contempt proceeding or a reference *27 to a disciplinary panel should be followed.[2] We may add our voices to those of the trial judges here and in Atkinson suggesting the expansion of this rule; but until it is expanded, it provides a limitation on a court's action.
The order appealed from is reversed and the matter is remanded to the Law Division where the trial judge may take such action as is authorized by R. 1:4-8, as he in his discretion shall determine. We do not retain jurisdiction.
NOTES
[1] Defendant was the owner of property located 420 feet before the site of a motorcycle accident in which plaintiff had been injured. The claim against defendant and all other property owners in the area was the creation of a nuisance which allegedly caused plaintiff's injuries.
[2] If there were "special grievance" damages incurred by defendant, a suit for the malicious use of civil process might lie; but where only normal litigation expenses and loss of time at work are claimed, there can be no basis for such a suit. The Penwag Property Co., Inc. v. Landau, 76 N.J. 595, 597-598 (1978); Mayflower Industries v. Thor Corp. 15 N.J. Super. 139, 151-152 (Ch.Div. 1951), aff'd o.b. 9 N.J. 605 (1952).