NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3465-15T2

MYRA P. DIDONATO,

 Plaintiff-Respondent,

v.

GEORGE V. DIDONATO,

 Defendant-Appellant.
___________________________

 Submitted October 11, 2017 - Decided November 6, 2017

 Before Judges Hoffman and Mayer.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Mercer County,
 Docket No. FM-11-0713-05.

 George V. DiDonato, appellant pro se.

 Respondent has not filed a brief.

PER CURIAM

 Defendant George V. DiDonato appeals from a March 18, 2016

order1 of the family court denying his motion seeking various

relief. We affirm.

1
 Defendant purports to appeal from orders dated August 24, 2015,
October 16, 2015, and January 13, 2016. We note that defendant
 Plaintiff Myra P. DiDonato and defendant were married in

April 1991. The parties were divorced and a dual judgment of

divorce (DJOD) was entered on August 14, 2008. Since the entry

of the DJOD, defendant has filed thirty-five motions. Defendant's

motions pursued the same claims and requested the same relief.

 On September 15, 2015, defendant filed an order to show cause

requesting plaintiff's payment of the college tuition balance for

their youngest daughter. Defendant's application also sought

plaintiff's income tax returns and custody of their youngest

daughter.

 Defendant's show cause application was converted to a motion

and heard on December 21, 2015. Unbeknownst to the motion judge,

defendant had appealed a prior order of another family court judge.

The judge dismissed defendant's motion without prejudice due to

the pending appeal. Defendant withdrew his appeal, which was

dismissed on January 22, 2016.

 One week after dismissal of his appeal, defendant filed a

motion on short notice requesting the relief sought in his

September 2015 application.

 On March 18, 2016, the judge ruled on defendant's application.

In addition to her review of the motion papers, the judge reread

failed to file notices of appeal within forty-five days as to
those orders. See R. 2:4-1(a).

 2 A-3465-15T2
the extensive case file, including the record from the seventeen

day divorce trial and defendant's thirty-five prior motions. Based

on her analysis of defendant's motion, the judge concluded that

the relief sought had been denied previously by another judge.

The judge found that the case involved "a situation of a vexatious

litigant who keeps coming back . . . to try to get relief that has

already been denied by prior orders and prior judges." The judge

denied defendant's motion in its entirety because defendant failed

to demonstrate changed circumstances justifying his renewed

application. The judge also ordered that future motions submitted

by the parties would require leave of the court prior to filing.2

 On appeal, defendant argues the following: the assigned

family court judges had ex parte communications with plaintiff and

plaintiff's attorney, failed to read defendant's motion papers,

and committed unspecified violations of the court rules and ethics

rules; defendant was not given an opportunity to respond to

plaintiff's motions; and the judge who signed the March 18, 2016

order caused defendant undue duress.

 Self-represented litigants are required to comply with the

court rules the same as litigants who are represented by counsel.

2
 The judge's oral ruling required both parties to seek leave of
court before filing future motions. However, the written order
imposed this requirement as to defendant only.

 3 A-3465-15T2
Rubin v. Rubin, 188 N.J. Super. 155, 159 (App. Div. 1982). On

appeal, defendant failed to comply with the court rules by untimely

filing an appeal as to certain orders, raising issues on appeal

that were not raised before the family court, and including

improper material in his appellate brief and appendix.

 Appeals from final judgments of courts must be taken within

forty-five days of their entry. R. 2:4-1(a). Defendant's notice

of appeal was filed on April 21, 2016. Only the March 18, 2016

order was appealed within the required forty-five day time period.

We decline to consider issues related to the orders dated August

24, 2015, October 16, 2015, and January 13, 2016, because defendant

failed to file timely notices of appeal from those orders.3

 On appeal, defendant raises several new issues not presented

to the family court. Issues not raised below may be considered

on appeal under the plain error rule. We consider errors not

brought to the trial court's attention if the errors have a clear

capacity to produce an unjust result. See R. 2:10-2; see also

3
 Defendant's arguments related to the August 24, 2015, October
16, 2015, and January 13, 2016 orders include the following:
failure to consider new legislation terminating alimony based on
cohabitation, ex parte communications between plaintiff and the
judges assigned to the case, failure to serve papers on defendant,
judicial bias, and new evidence.

 4 A-3465-15T2
N.J. Div. of Youth and Family Servs. v. B.H., 391 N.J. Super. 322,

343 (App. Div.), certif. denied, 192 N.J. 296 (2007).

 Defendant fails to identify the specific errors committed by

the family judges, as well as the "unjust result" from such errors.

Defendant's dissatisfaction with the judges' decisions is not

"error." His frustration with prior orders does not evidence a

clear capacity to produce an unjust result. Rather than cite

specific errors allegedly committed by the family court judges,

defendant speculates that denial of his motions was due to improper

ex parte communications between plaintiff and the family court

judges and the failure of the family court judges to read or

consider his submissions. Defendant provides no support for his

allegations.

 In his appeal, defendant raises the issue of judicial bias,

a matter not raised before the family court. Our court rules

provide that a judge shall be disqualified "when there is any . . .

reason which might preclude a fair and unbiased hearing and

judgment, or which might reasonably lead counsel or the parties

to believe so." R. 1:12-1(g). A party may file a motion to

disqualify a judge for alleged bias in accordance with Rule 1:12-

2. Defendant never moved to disqualify the family court judges

assigned to his case. As a reviewing court, we are constrained

to review orders issued by the Superior Court trial divisions.

 5 A-3465-15T2
See R. 2:2-3(a)(1). Because defendant never filed a motion to

disqualify the family court judges assigned to this matter, there

is no order for our review.4 See Zamboni v. Stamler, 199 N.J.

Super. 378, 383 (App. Div. 1985) (holding an appellate court's

jurisdiction not properly invoked to render an advisory opinion

or to decide cases in the abstract, without a developed factual

basis).

 Defendant also includes improper material in his appellate

papers. An appellate appendix shall contain the order appealed

from and any such other parts of the record "as are essential to

the proper consideration of the issues" on appeal. R. 2:6-1(a)(1).

Defendant's appendix includes orders and motions dating as far

back as the DJOD without explaining how those materials are

essential to our consideration of his appeal. We are unable to

consider unrelated materials in defendant's appellate submission.

 Additionally, defendant argues "undue duress" as a result of

the judge's sanction requiring leave of court prior to filing

future motions. "The court has the inherent power to protect

itself and litigants against harassment and vexatious litigation

4
 Defendant also raises for the first time in his appeal that venue
in this matter should be transferred. Motions to transfer venue
are governed by Rule 4:3-3. Similar to his judicial bias claim,
defendant failed to file a motion to transfer venue so there is
no order for our consideration.

 6 A-3465-15T2
and an abuse of process." Triffin v. Automatic Data Processing,

Inc., 394 N.J. Super. 237, 252 (2007) (quoting Atkinson v.

Pittsgrove Twp., 193 N.J. Super. 23, 32 (Ch. Div. 1983)). A court

should exercise its discretion to limit a litigant's ability to

present a claim sparingly, reserved to those situations where the

judge found past pleadings to be frivolous and tried to abate such

abuse by employing appropriate sanctions. Parish v. Parish, 412

N.J. Super. 39, 54-55 (App. Div. 2010).

 In Parish v. Parish, we held that the motion judge erred by

restricting the parties' exercise of the right to file motions in

the absence of "a specific finding of the need to control frivolous

or vexatious litigation." Parish, supra, 412 N.J. Super. at 44.

While "complete denial of the filing of a claim without judicial

review of its merits would violate the constitutional right to

access of the courts," courts have "the inherent authority, if not

the obligation, to control the filing of frivolous motions and to

curtail 'harassing and vexatious litigation.'" Id. at 48 (quoting

Rosenblum v. Borough of Closter, 333 N.J. Super. 385, 387 (App.

Div. 2000)). In Parish, we emphasized that "enjoining the filing

of motions should be considered only following a determination

that the pleadings demonstrate the continuation of vexatious or

harassing misuse of judicial process.” Id. at 58.

 7 A-3465-15T2
 Findings by the family court judges are binding on appeal

when supported by "adequate, substantial, credible evidence."

Cesare v. Cesare, 154 N.J. 394, 411-12 (1998). We "should not

disturb the 'factual findings and legal conclusions of the trial

judge unless . . . convinced that they are so manifestly

unsupported by or inconsistent with the competent, relevant, and

reasonably credible evidence as to offend the interests of

justice'" or when the court has palpably abused its discretion.

Id. at 412 (quoting Rova Farms Resort, Inc. v. Investors Ins. Co.,

65 N.J. 474, 484 (1974)). Since judges assigned to the family

court have special expertise in family matters, a family judge's

fact-finding should be accorded deference on appeal. Id. at 413.

 We agree with the family court judge that defendant is a

vexatious litigant, as evidenced by his thirty-five motions

asserting the same claims and demanding the same relief. Defendant

repeatedly failed to make a prima facie showing of changed

circumstances justifying the requested relief. See Lepis v. Lepis,

83 N.J. 139, 157-59 (1980). It is within the court's power to

impose sanctions on a self-represented party for frivolous

litigation. Zehl v. City of Elizabeth Bd. of Educ., 426 N.J.

Super. 129, 141 (App. Div. 2012) ("Judges retain the inherent

authority to impose reasonable conditions on motion practice to

 8 A-3465-15T2
allow for appropriate case management and the efficient and

effective administration of the case.")

 In this case, because defendant is indigent and receives

disability, the judge properly recognized that money sanctions

would have been unfair. As the usual form of deterrence would

have economically disadvantaged defendant, the judge, after

reviewing the entire file and finding that defendant’s repetitive

and constant motions were vexatious, appropriately tailored her

order by requiring leave of court before defendant could file

future motions.5

 We find that the judge's sanction was a suitable exercise of

judicial discretion imposed to ensure that defendant refrains from

filing repetitive motions and was not an abuse of discretion.

Similarly, we find that the judge's order dated March 18, 2016,

was supported by competent and credible evidence as defendant

failed to make a prima facie showing of changed circumstances

entitling him to the requested relief.

 Affirmed.

5
 According to the transcript of the March 18, 2016 motion hearing,
plaintiff had not filed a motion for "nearly a decade," and had
no opposition to the judge's ruling that neither party would be
permitted to file future motions absent leave of court.

 9 A-3465-15T2