769 A.2d 1112

RACHEL ANN BURRIS, PETITIONER–APPELLANT, v.
POLICE DEPARTMENT, TOWNSHIP OF WEST
ORANGE, RESPONDENT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued March 12, 2001—Decided April 3, 2001.

Before Judges PETRELLA, BRAITHWAITE [1] and BILDER.

*David C. Stanziale* argued the cause for appellant (*Stanziale & Stanziale,* attorneys; *Mr. Stanziale,* of counsel and on the brief).

*Matthew J. Scola* argued the cause for respondent Township of West Orange Police Department.

*Elizabeth M. Laufer,* Deputy Attorney General, argued the cause for respondent Merit System Board (*John J. Farmer, Jr.,* Attorney General, attorney; *Michael J. Haas,* Assistant Attorney General, of counsel; *Ms. Laufer,* on the brief).

The opinion of the court was delivered by

BILDER, J.A.D. (retired and temporarily assigned on recall).

The issue in this appeal is the counsel fee awarded to a petitioner who prevailed in the appeal of her removal as a West Orange Police Officer. Through the efforts of counsel she won reinstatement with back pay, seniority and other appropriate benefits. The details as to her reinstatement have been adequately set forth in our prior opinion, *Rachel Ann Burris v. Police Department, Township of West Orange,* A–4531–96 (App.Div. 1998), *certif. denied,* 155 *N.J.* 590, 715 *A.*2d 993 (1998), and need not be repeated.

Petitioner and her attorneys appeal from a Final Administrative Action of the Merit System Board which established an hourly rate of $150 and awarded counsel $1785 in addition to the $9179.10 that had previously been awarded. On appeal, they claim error in the failure of the Board to award fees for services rendered in

---

[1] Judge Braithwaite did not participate in oral argument. However, the parties consented to his participation in the decision.

connection with the departmental disciplinary hearing and in connection with previous appeals in this matter to the Appellate Division and the Supreme Court. They also claim error in the failure of the Board to award hourly fees of $400 for one attorney's services and $250 for the other attorney's services, both in accordance with their usual billing practices. All this they claim was arbitrary, capricious and unreasonable. In their brief they requested that we now award fees in connection with their earlier appellate services.

Our role on review is limited. Our function is to determine whether the administrative action was arbitrary, capricious or unreasonable. *See Henry v. Rahway State Prison*, 81 *N.J.* 571, 580, 410 *A.*2d 686 (1980). We will only decide whether the findings could reasonably have been reached on the credible evidence in the record, considering the proofs as a whole. *See Close v. Kordulak Bros.*, 44 *N.J.* 589, 599, 210 *A.*2d 753 (1965). We cannot substitute our judgment for that of the agency. *See In re Polk License Revocation*, 90 *N.J.* 550, 578, 449 *A.*2d 7 (1982). We accord to the agency's exercise of its statutorily-delegated responsibilities a strong presumption of reasonableness. *See Newark v. Natural Resource Coun. Dept. Env. Prot.*, 82 *N.J.* 530, 539, 414 *A.*2d 1304 (1980), *cert. denied,* 449 *U.S.* 983, 101 *S.Ct.* 400, 66 *L.Ed.*2d 245 (1980). The burden of showing the agency's action was arbitrary, unreasonable or capricious rests upon the appellant. *See Barone v. Department of Human Serv., Div. of Med. Asst.*, 210 *N.J.Super.* 276, 285, 509 *A.*2d 786 (App.Div.1986), *aff'd* 107 *N.J.* 355, 526 *A.*2d 1055 (1987). However, we are not bound by the agency's interpretation of a statute or its determination of a strictly legal issue. *See Mayflower Securities v. Bureau of Securities*, 64 *N.J.* 85, 93, 312 *A.*2d 497 (1973).

From an examination of the record, we are satisfied the action of the Merit System Board in establishing the hourly rate was supported by substantial credible evidence and was neither arbitrary, capricious nor unreasonable. We are similarly satisfied that the Board's conclusion it should not award counsel fees for

matters brought before the Appellate Division was appropriate. Awards for legal services rendered on appeal are generally made by the Appellate Division, *Chattin v. Cape May Greene, Inc.*, 243 *N.J.Super.* 590, 614, 581 *A*.2d 91 (App.Div.1990), aff'd, 124 *N.J.* 520, 591 *A*.2d 943 (1991), and must be sought in accordance with *R.* 2:11–4. Here, there having been no timely application with respect to the first appeal, petitioner is out of time with respect to a fee application with respect thereto.

■ We are persuaded, however, that the Board's failure to award counsel fees for services rendered in connection with the departmental hearing which preceded the appeal to the Merit Board was error. The Final Decision makes clear that this decision was predicated on the Board's belief that it lacked jurisdiction or authority to do so. For its conclusion it relied on an unpublished opinion of the Appellate Division, *In re the Termination Hearing of Dianthe Martinez*, A–6442–93 (App.Div.1995), and a Board opinion, *In the Matter of Donald Fritze*, MSB, (decided July 27, 1993).

The Board's power to award legal fees arises from *N.J.S.A.* 11A:2–22, which authorizes the Board to "award back pay, benefits, seniority and reasonable attorney fees to an employee as provided by rule." The relevant regulation, *N.J.A.C.* 4A:2–2.12, provides: "The Merit System Board shall award partial or full reasonable counsel fees where an employee has prevailed on all or substantially all of the primary issues."

■ It cannot be doubted that the Legislature's authorization of counsel fees is intended to provide full vindication to employees who succeed in the assertion of their civil service rights. Without reimbursement of these costs an employee's success could result in a pyrrhic victory.

In its Final Decision the Board says, "The time billed for services involved with the departmental disciplinary hearing * * * is not reimbursable by the Board." In *Fritze, supra,* the prior Board decision it relies on, the Board simply says "The rules do

not provide for an award of counsel fees for representation prior to the filing of an appeal with the Board." The unsupported statement is an *a priori* argument; it is a conclusion based on an assumed principle. The Board has argued that this is a long-standing policy. Be that as it may, the policy, no matter how longstanding, can be no more reliable than the foundation upon which it rests and that foundation must be the legislation and its intent. Long established practice cannot in itself furnish its own justification. It must be rooted in legislative authority.

The departmental hearing is an integral part of the civil service process. It was established by the Legislature as part of the Civil Service Act. *N.J.S.A.* 11A:2–13. The statutory scheme from the initial notification and opportunity for an appointing authority hearing through the appeal process and the issuance of a Final Decision is a seamless one. We are at a loss to understand why the legal costs incurred prior to the filing of an appeal with the Merit Board are not included in awards.

 As we have already noted, in addition to its own decision in *Fritze*, in its Final Decision here, the Board also relied on our unpublished decision in *Martinez*. In *Martinez* we accepted the Board's interpretation in deference to its expertise, citing *Medical Soc. v. Dept. of Law & P. Safety*, 120 *N.J.* 18, 25–26, 575 *A.*2d 1348 (1990). However, the presumption of validity we attached to this practice[2] must give way to the injunction that "[a]n administrative regulation * * * cannot alter the terms of a statute or frustrate the legislative policy." *Ibid.*

The determinations as to the hourly rates and the denial of fees in connections with the appeals to the Appellate Division and Supreme Court are affirmed. The matter is remanded to the Merit System Board for the addition of appropriate attorneys' fees

---

[2] We note that this "practice" has never been properly codified by regulation. *Hampton v. Dept. of Corrections*, 336 *N.J.Super.* 520, 527–530, 765 *A.*2d 286 (App.Div.2001).

for the services performed in connection with the departmental hearing.