40 A.3d 59

IN THE MATTER OF THE SUSPENSION OF THE
CERTIFICATES OF STEVEN KRAMER BY
THE STATE BOARD OF EXAMINERS.

Superior Court of New Jersey
Appellate Division

Submitted September 20, 2010—Decided October 26, 2010.

Before Judges REISNER and SABATINO.

*Robert M. Schwartz,* attorney for appellant Steven Kramer.

*Paula T. Dow,* Attorney General, attorney for respondent Commissioner of Education (*Melissa H. Raksa,* Assistant Attorney General, of counsel; *Cynthia Raymond Rimol,* Deputy Attorney General, on the brief).

PER CURIAM.

Steven Kramer, an educator licensed by the State of New Jersey, appeals a final agency decision of the Commissioner of Education dated April 8, 2009. The Commissioner's decision sustained a finding by the State Board of Examiners ("the Examiners") that appellant had engaged in conduct unbecoming a school administrator while he was employed by the Montville Board of Education. Appellant contests that finding, and the associated sixty-nine-day suspension of his license that was imposed. Applying our limited scope of review of such administrative decisions, we affirm.

The pertinent events occurred while appellant was principal of Montville High School. After renovations somehow interfered with the integration of the school's new fire alarm system, false alarms repeatedly occurred several times per month. The private company responsible for the school's alarm system was unable to rectify the problem, despite multiple repair attempts. Each time the alarm sounded, the school had to be evacuated until personnel from the local fire department arrived and gave clearance to the students and the staff to reenter the building.

In an effort to minimize the disruption caused by the repeated false alarms, appellant instituted what he described as a "human system." Under this arrangement, during the school day, the fire

alarms were switched to "test mode," which disconnected the automatic link that would otherwise alert the fire department whenever an alarm was set off. In lieu of the automatic notification, designated staff members with walkie-talkies were assigned to go to the alarm's location and ascertain whether an actual fire was occurring; if so, the fire department would be immediately called. Appellant implemented these changes unilaterally, without the knowledge or permission of local fire officials.

In March 2006, a fire erupted in one of the trash cans at the school. The building was not evacuated except in the vicinity of the fire, and appellant did not report the fire until about thirty minutes after it was detected. Although the fire was promptly extinguished without anyone being harmed, a citation was issued for the school's violation of fire safety codes after local fire officials discovered that the alarm system had been placed on test mode. Shortly thereafter, appellant was suspended from his position as principal. The Board of Education then brought an administrative action to revoke appellant's tenure.

After the tenure matter was referred to the Office of Administrative Law ("OAL"), appellant and the Board of Education reached a settlement, in which appellant agreed to resign from his tenured position in the school district. Following the Commissioner's approval of that settlement, the Examiners brought the instant action to revoke or suspend appellant's teaching certificates.

The matter was tried as a contested case before an Administrative Law Judge ("ALJ") over two days in July 2007. After considering the proofs, which included the testimony of several witnesses, the ALJ recommended that appellant not be sanctioned. The ALJ acknowledged that placing the fire alarm system in test mode violated the State's Fire Prevention Code, which, among other things, proscribes "tampering with or interfering with the effectiveness of a fire suppression, fire detection or alarm system[.]" *See N.J.A.C.* 5:70–3.2(a)(5)(viii), at Section F–504.2.1. Nevertheless, the ALJ concluded that although appellant's actions

were "clearly an error in judgment," they did not, in the ALJ's estimation, "amount to unbecoming conduct so as to justify the revocation or suspension of [his teaching certificates]."

The Examiners took exception to the ALJ's conclusion that appellant had not engaged in unbecoming conduct. In a written decision dated February 21, 2008, the Examiners determined that "[appellant]'s actions put the entire school at risk" by "eliminat[ing] the immediate notification of fire department officials" when an alarm was activated. Based on their contrary assessment of his culpability, the Examiners voted to suspend appellant's certificates as a school administrator for a period of two years. The Examiners left intact, however, appellant's certificate as an instructor.

Appellant filed an administrative appeal of the Examiners' decision and moved for a stay of the two-year suspension. Upon further review, the Examiners reconsidered the penalty and decided to "give greater weight to the circumstances that led to [appellant]'s decision to disable the fire alarm from fire department notification." The Examiners recognized that "[appellant] honestly believed he was doing his best to keep his students safe while minimizing needless disruptions to the educational process." Although the Examiners reiterated that they did not condone appellant's solution, they acknowledged his "frustration in light of the [school] district's inaction and his attempt to fulfill his role as an administrator in extremely trying circumstances." In light of these mitigating factors, the Examiners reduced appellant's suspension from two years to the period that he had already served, i.e., from February 21, 2008 through May 1, 2008.

On April 9, 2009, the Commissioner of Education affirmed the Examiners' determination and the modified sanction. This appeal ensued.[1]

---

[1] Pursuant to *N.J.S.A.* 18A:6–9.1(a), the State Board of Education no longer reviews final decisions of the Commissioner on cases of this nature, and an appeal may be taken directly from the Commissioner to this court.

As a threshold matter, we initially address and reject two procedural arguments raised by appellant.

■ First, appellant contends that the Examiners' decision of February 21, 2008 was untimely under *N.J.S.A.* 52:14B–10(c) because it was not filed within forty-five days of the receipt of the ALJ's recommendation on November 1, 2007. That argument is without merit because the Examiners timely applied for and duly obtained an extension of time to render their decision. *See N.J.A.C.* 1:1–18.8(b). Even though the extension was requested on Monday, December 17, 2007, the forty-sixth calendar day after receipt of the ALJ's decision, the request was timely because the applicable deadline cannot expire on a Sunday and instead is deferred to the next business day. *See N.J.A.C.* 1:1–1.4.

■ We likewise reject appellant's claim that the Examiners were obligated to order and review transcripts of the administrative hearing before rendering their decision. An administrative agency has the discretion to review an ALJ's recommendation without obtaining the hearing transcripts, particularly where it does not take issue with the ALJ's material findings of fact or where the agency only disagrees with the ALJ as to the appropriate penalty. *In re Morrison,* 216 *N.J.Super.* 143, 159, 523 *A.*2d 238 (App.Div.1987). Here, the Examiners accepted the ALJ's findings about what events had transpired leading up to the March 2006 fire and the disciplinary action thereafter taken against appellant. The fundamental disagreement between the ALJ and the Examiners is over the propriety of appellant's conduct. Appellant cites *Rowley v. Bd. of Educ.,* 205 *N.J.Super.* 65, 74, 500 *A.*2d 37 (App.Div.1985), as indicative of the need to consider hearing transcripts; however, that case is not on point. In *Rowley,* the State Board of Education hinged its final decision upon its assessment of certain documentary evidence, without considering transcribed testimony that arguably placed those documents into a different context. Given that particular scenario, we held that the State Board should have also reviewed the hearing transcripts. *Id.* at 75, 500 *A.*2d 37. The present case is

dissimilar, as the Examiners expressly deferred to the ALJ's factual findings from the hearing, and instead parted company with the ALJ concerning the severity of appellant's actions and inactions. It therefore was not essential for the Examiners to have the transcripts in this setting.

We now turn to the merits. As we do so, we bear in mind our limited scope of review of a final decision by an administrative agency. On the whole, "[o]ur function is to determine whether the administrative action was arbitrary, capricious or unreasonable." *Burris v. Police Dep't, Twp. of W. Orange,* 338 *N.J.Super.* 493, 496, 769 *A.*2d 1112 (App.Div.2001) (citing *Henry v. Rahway State Prison,* 81 *N.J.* 571, 580, 410 *A.*2d 686 (1980)); *see also Aqua Beach Condo. Ass'n v. Dep't of Cmty. Affairs,* 186 *N.J.* 5, 16, 890 *A.*2d 922 (2006). "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." *In re Arenas,* 385 *N.J.Super.* 440, 443–44, 897 *A.*2d 442 (App.Div.), *certif. denied,* 188 *N.J.* 219, 902 *A.*2d 1236 (2006); *McGowan v. N.J. State Parole Bd.,* 347 *N.J.Super.* 544, 563, 790 *A.*2d 974 (App.Div.2002); *Barone v. Dep't of Human Servs.,* 210 *N.J.Super.* 276, 285, 509 *A.*2d 786 (App.Div.1986), *aff'd,* 107 *N.J.* 355, 526 *A.*2d 1055 (1987).

"It is settled that '[a]n administrative agency's interpretation of statutes and regulations within its implementing and enforcing responsibility is ordinarily entitled to our deference.'" *Wnuck v. N.J. Div. of Motor Vehicles,* 337 *N.J.Super.* 52, 56, 766 *A.*2d 312 (App.Div.2001) (quoting *In re Appeal by Progressive Cas. Ins. Co.,* 307 *N.J.Super.* 93, 102, 704 *A.*2d 562 (App.Div.1997)). "Absent arbitrary, unreasonable or capricious action, the agency's determination must be affirmed." *Wnuck, supra,* 337 *N.J.Super.* at 56, 766 *A.*2d 312 (citing *R & R Mktg., L.L.C. v. Brown–Forman Corp.,* 158 *N.J.* 170, 175, 729 *A.*2d 1 (1999)). If substantial credible evidence is in the record to support it, the agency's determination generally should be affirmed. *In re Herrmann,*

192 *N.J.* 19, 27–28, 926 *A.*2d 350 (2007); *Henry, supra,* 81 *N.J.* at 579–80, 410 *A.*2d 686.

■ *N.J.A.C.* 6A:9–17.5 reposes in the Examiners the authority to revoke or suspend the certificate of a teacher or a school administrator on the basis of "demonstrated inefficiency, incapacity, conduct unbecoming a teacher or other just cause." In carrying out that responsibility in this case, the Examiners weighed the risks posed by appellant's violation of fire safety standards against both the difficult circumstances that he faced and his acknowledged "long and distinguished career" as an educator. The Examiners ultimately found that appellant's deactivation of the automatic notification function of the fire alarm system, while understandable in certain respects, was nevertheless an "unbecoming" action that warranted a sanction.

Viewing the record as a whole, through our limited prism of review, we are satisfied that the Commissioner's final agency decision adopting the Examiners' decision is supported by substantial credible evidence in the record, and is neither arbitrary or capricious. The Commissioner and the Examiners have the regulatory prerogative, within their area of expertise over our statewide educational system and in considering their responsibility for the well-being and physical safety of students, to regard appellant's actions with greater stringency than did the ALJ.

Although we echo the agency's recognition of appellant's otherwise distinguished career and the difficulties that he faced with the persisting false alarms, we will not second-guess the agency's ultimate determination under *N.J.A.C.* 6A:9–17.5, nor the modified sanction that it imposed. We therefore sustain the final agency decision.

Affirmed.