**TAX COURT OF NEW JERSEY**



**JOSHUA D. NOVIN**
**Judge**

Dr. Martin Luther King, Jr. Justice Building
495 Dr. Martin Luther King, Jr. Blvd., 4th Floor
Newark, New Jersey 07102
Tel: (609) 815-2922, Ext. 54680

**NOT FOR PUBLICATION WITHOUT THE APPROVAL**
**OF THE TAX COURT COMMITTEE ON OPINIONS**

March 6, 2025

Jason S. Nunnermacker, Esq.
DeCotiis, FitzPatrick, Cole & Giblin, LLP
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652

Max J. Roseman, Esq.
The Law Office of Barry E. Janay, P.C.
354 Eisenhower Parkway, Suite 1250
Livingston, New Jersey, 07039

> Re:  Rosenblum, Jesse v. Closter Borough and Miele, Joseph & Gloria
> Docket No. 013409-2020

Dear Mr. Nunnermacker and Mr. Roseman:

This letter shall constitute the court's opinion on the motion filed by Joseph Miele and Gloria Miele (the "Mieles") in the above matter. The Mieles seek entry of an order against Jesse Rosenblum ("plaintiff") awarding attorneys' fees and costs incurred before the Superior Court of New Jersey, Appellate Division, under R. 1:4-8.[1]

For the reasons stated herein, the court denies the Mieles' motion.

## I.  Procedural History and Factual Findings

Pursuant to R. 1:7-4, the court makes the following factual findings and conclusions of law based on the briefs and certifications in support of, and in opposition to, the motion.

On December 15, 2020, plaintiff filed a third-party complaint against the Mieles and Closter Borough ("Closter") (the Mieles and Closter shall be collectively referred to herein as the

---

[1]  Closter Borough did not join in the Mieles' motion.






"defendants").  Plaintiff challenged the 2020 tax year qualified farmland assessment afforded to the Mieles' property at 639 Piermont Road, Closter, New Jersey, as shown on Closter's municipal tax map as block 1703, lot 2.01 (the "subject property").

On December 7, 2021, Judge Jonathan Orsen granted the defendants' motion to dismiss plaintiff's complaint with prejudice ("the December 7, 2021 Order").  The December 7, 2021 Order detailed the thirty-year history of third-party property tax appeals filed by plaintiff against the Mieles challenging the annual grants of qualified farmland assessment to the subject property. The December 7, 2021 Order observed that plaintiff's appeals "since 1999 have a common theme, that the property is not truly farmland because it consists of 'wooded wetland, watercourses, upland woodland, and a shortfall of real pasture.'"  The court further noted that plaintiff's 1999, 2000, 2001, and 2002 appeals were dismissed on motion for summary judgment, which decision was later affirmed by the Superior Court of New Jersey, Appellate Division (the "Appellate Division").  Moreover, the December 7, 2021 Order highlighted that plaintiff's 2014 and 2015 third-party tax appeals were tried to conclusion with the court finding that the subject property satisfied the criteria for farmland qualification under the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 to -23.23.  Thus, plaintiff's 2016, 2017, and 2018 third-party tax appeals, were dismissed under principles of res judicata and collateral estoppel.  The court further emphasized that the court's decision, dismissing plaintiff's 2016, 2017 and 2018 tax appeals, was affirmed by the Appellate Division.  Accordingly, the court found that plaintiff was collaterally estopped from litigating the issue of whether "'farm assessment was proper based primarily on the issue of whether the stream and tress [sic] disqualified the property.'"

On January 14, 2022, plaintiff moved for reconsideration of the court's December 7, 2021






Order.[2]  By Order dated December 12, 2022, the court denied plaintiff's motion for reconsideration (the "December 12, 2022 Order").

On December 15, 2022, the Mieles filed a motion for attorneys' fees and costs against plaintiff under R. 1:4-8.

By Order dated March 3, 2023, the court granted the Mieles' motion for attorneys' fees against plaintiff ("the March 3, 2023 Order").  The March 3, 2023 Order again highlighted that plaintiff's "[c]hallenges for tax years 2003, 2005, 2006, 2007, 2008 and 2009 were dismissed on the basis on res judicata, collateral estoppel and the entire controversy doctrine."  Moreover, the March 3, 2023 Order further noted that plaintiff's 2016, 2017, and 2018 local property tax appeals "were rejected on the basis of res judicata, collateral estoppel, and the entire controversy doctrine because Mr. Rosenblum's core argument of whether the presence of a stream and trees on the subject property disqualifies it from farmland tax assessment was actually litigated in the 1999 trial and the trial for the 2014 and 2015 tax years."

Importantly, the court's March 3, 2023 Order found that on "December 16 and December 18, 2020, the Mieles sent through regular and certified mail letters pursuant R. 1:4-8(b)(1) advising plaintiff that the 2020 complaint was frivolous and that they would pursue a motion for sanctions and attorneys' fees if the complaint was not withdrawn within 28 days."  However, despite such notice, plaintiff elected not to withdraw his 2020 local property tax appeal.  The court noted that plaintiff had conceded "in previous proceedings that the [2020] complaint allege[s] the same facts and arguments."  Therefore, the court found "plaintiff filed the 2020 complaint in bad faith, as no

---

[2]  On or about February 3, 2022, plaintiff filed an interlocutory Notice of Appeal with the Appellate Division appealing the court's December 7, 2021 Order.  By Order dated April 5, 2022, the Appellate Division dismissed plaintiff's appeal for failure to prosecute.






reasonable, good faith belief in the merits of the actions existed in issues that have not already been decided."

Accordingly, the court's March 3, 2023 Order directed the Mieles' counsel to submit a Supplemental Certification of Services detailing the "legal fees and costs associated with defending the entirety of the within [2020] lawsuit pursuant to R. 1:4-8 within ten (10) days of entry of this Order."

By Order dated April 12, 2023, following review of the Certification of Services and Supplemental Certification of Services submitted by the Mieles' counsel, the court found the legal services to be "necessary to defend against plaintiff's complaint and that the costs and attorney's fees set forth therein are fair and reasonable" (the "April 12, 2023 Order"). Thus, the court entered judgment in favor of the Mieles against the plaintiff in the sum of $16,969.28.

On or about May 8, 2023, plaintiff filed a Notice of Appeal with the Appellate Division appealing from the court's April 12, 2023 Order.

By letter dated May 25, 2023, the Mieles served written notice on plaintiff, by regular and certified mail, "demand[ing] that you withdraw the Notice of Appeal within 28 days of the service of this letter. If the Notice of Appeal is not withdrawn by you within such time period, the Mieles will file a motion at the appropriate time seeking sanctions and attorney's fees from you." The USPS Tracking furnished by the Mieles' counsel recites that the certified mail was "picked up at Post Office" by plaintiff on May 31, 2023.

On October 10, 2024, the Appellate Division issued an unpublished written opinion, affirming the court's April 12, 2023 Order. Jesse Rosenblum v. Borough of Closter, Joseph Miele and Gloria Miele, Docket No. A-3017-22, 2024 N.J. Super. Unpub. LEXIS 2382 (App. Div. Oct. 10, 2024) (the "October 10, 2024 opinion"). Importantly, the Appellate Division's October 10,






2024 opinion highlights that,

> plaintiff challenges only the amounts of fees and costs awarded in the April 12, 2023 order of judgment. Plaintiff has not appealed from the March 3, 2023 order, and therefore, does not challenge the propriety of the award. Plaintiff has also not appealed from the substance of the orders entered 10 A-3017-22 on December 7, 2021, and December 12, 2022. Plaintiff has effectively abandoned the appeal of those two orders by not presenting arguments concerning those orders.

In affirming the April 12, 2023 Order, the Appellate Division found "no abuse of discretion in the judge's decision to award attorney's fees and costs to the Mieles pursuant to Rule 1:4-8 and the Frivolous Litigation Act" (emphasis added). Moreover, the Appellate Division's October 10, 2024 opinion emphasized that plaintiff "'has not asserted any intervening change in significant facts or statutory regulation or judicial law that favors him, thus we conclude collateral estoppel was appropriately applied.'"

On November 1, 2024, the Mieles filed the present motion seeking reimbursement of attorneys' fees and costs, under R. 1:4-8, for "defend[ing] against the May 2023 Appeal and prosecut[ing] the instant motion through October 31, 2024." In support of their motion, the Mieles argue that plaintiff's appeal was frivolous, and attorney's fees and costs are appropriate as the "Appellate Decision determined that a) this Court's March 3, 2023[] Order and b) the April 2023 Judgment were 'supported by substantial, credible evidence['] [and] 'considered all the relevant and appropriate factors under Rule 1:4-8 and the Frivolous Litigation Act.'" [3]

---

[3] The Appellate Division's October 10, 2024 opinion states that "[o]n December 15, 2022, the Mieles moved for reimbursement of their fees and costs under Rule 1:4-8 and N.J.S.A. 2A:15-59.1, the Frivolous Litigation Act, based on what they contended was plaintiff's frivolous litigation conduct" (emphasis added). However, this court's review of the eCourts case jacket discloses that the December 15, 2022 motion contains no reference to the Frivolous Litigation Act. Moreover, the court's review of the court's March 3, 2023 Order similarly discloses no reference to the Frivolous Litigation Act. In opposition to the present motion, plaintiff's counsel has argued the






Attached to the Mieles' motion is a Certification of Services from their counsel detailing the history of challenges instituted by plaintiff to the subject property's annual farmland assessment qualification over the preceding thirty years. The Certification of Services details the efforts undertaken by the Mieles' counsel in "defense of the May 2023 Appeal." Annexed to the Certification of Services are billing statements issued to the Mieles' from their legal counsel for the periods May 2023 through October 31, 2024.

In response to the Mieles' motion, plaintiff's counsel argues that plaintiff's appeal was not frivolous, but rather, was "based on legitimate legal arguments and factual disputes regarding the application of the Farmland Assessment Act." Moreover, plaintiff's counsel's asserts that plaintiff's appeal was "not intended to harass or delay but to seek judicial review of the Tax Court's decision." Plaintiff's counsel's opposition then resorts to unsupported arguments that the Mieles' "property does not meet these [Farmland Assessment Act] requirements due to the presence of wetlands and wooded areas that are not actively devoted to agricultural use." Finally, plaintiff's counsel maintains that "[p]laintiff's history of litigation, while extensive, does not necessarily indicate bad faith. Instead, it reflects a persistent belief in the merits of the claim, which should not be penalized without clear evidence of improper motives."

In reply, the Mieles' counsel emphasizes that plaintiff's counsel's arguments ignore the very history of the case and judicial findings in this matter. Specifically, the court's March 3, 2023 Order noted that "[t]he Appellate Division affirmed [a prior] ruling of the Tax Court finding,

---

applicability of the Frivolous Litigation Act and R. 1:4-8, seemingly relying on the Appellate Division's October 10, 2024 opinion. By Clerk's Notice dated January 30, 2025, the court asked the parties to submit supplemental briefs addressing "whether defendant's motion arises under the Frivolous Litigation Act." In response, the Mieles' counsel asserts that the present application for attorneys' fees arises only under R. 1:4-8, and not the Frivolous Litigation Act. Plaintiff's counsel's supplemental brief did not address this issue.






'[p]laintiff has not asserted any intervening change in significant facts or statutory regulation or judicial law that favors him, thus we conclude collateral estoppel was appropriately applied.'" Moreover, Judge Orsen concluded that plaintiff's 2020 complaint "alleges[s] the same facts and arguments . . . find[ing] that plaintiff filed the 2020 complaint in bad faith, as no reasonable, good faith belief in the merits of the actions existed in issues that have not already been decided." Further, the Mieles' counsel highlights that the Appellate Division's October 10, 2024 opinion concluded that "plaintiff has not asserted any intervening change in significant facts or statutory regulation or judicial law that favors him." Counsel underscores that the Appellate Division's October 10, 2024 opinion stated that "[p]laintiff has not appealed from the March 3, 2023 [O]rder, and therefore, does not challenge the propriety of the award. Plaintiff has also not appealed from the substance of the orders entered on December 7, 2021, and December 12, 2022. Plaintiff has effectively abandoned the appeal of those two orders by not presenting arguments concerning those orders." In sum, the Mieles' counsel argues that plaintiff did "not present a single change in the nature of the [Mieles'] Property and/or any change in the Farmland Act that established that there was a good faith basis for the 2020 [c]omplaint."

On January 29, 2025, the court conducted a telephone conference call with plaintiff's counsel and the Mieles' counsel.[4] During such conference the court asked counsel to consider whether they wanted to file supplemental briefs regarding three issues raised by the court: (1) the appropriateness of defendant's motion before the Tax Court, considering R. 2:11-4(a); (2) whether the Mieles' motion arises under the Frivolous Litigation Act and/or R. 1:4-8; and (3) the timeliness

---

[4] Under revised General Assignment Order effective January 17, 2025, all Closter local property tax appeals, including the above matter, were reassigned to the undersigned, and consequently, the Mieles' motion in the above matter.






of Mieles' motion under R. 1:4-8.

By Clerk's Notice dated January 30, 2025, the court memorialized the content of the January 29, 2025 telephone conference call and afforded plaintiff's counsel and the Mieles' counsel an opportunity to submit supplemental briefs.

On February 10, 2025, plaintiff's counsel submitted a supplemental brief addressing the alleged timeliness of the Mieles' application under R. 1:4-8, and for the first time, raised a new argument that, the Mieles' waived their right to seek attorneys' fees. Notably however, plaintiff's counsel's supplemental brief did not address the question of whether this court possesses the authority to entertain the Mieles' motion under R. 2:11-4(a).

On February 18, 2025, the Mieles' counsel submitted a supplemental brief addressing the timeliness of their application for attorneys' fees. In his brief, the Mieles' counsel argues that the November 1, 2024 application for legal fees was timely because the Appellate Division's October 10, 2024 opinion was not a "final judgment," as such term is construed under R. 1:4-8(b)(2). Rather, the Mieles' counsel contends that the October 10, 2024 opinion was not rendered a "final judgment," until plaintiff's "time for appeal or petition for certification [to the New Jersey Supreme Court] expired." Thus, he maintains that because plaintiff was afforded until October 31, 2024 to make application for certification to the Supreme Court of New Jersey, the time-period for the Mieles' to make application for attorneys' fees commenced on November 1, 2024. Alternatively, the Mieles' counsel asserts that if the Appellate Division's October 10, 2024 opinion is viewed as a "final judgment," their motion submission was only one-day late, and principles of "fundamental equity and fairness favors relaxation" of the 20-day time-period under R. 1:4-8.

Finally, the Mieles' counsel argues that "proper jurisdiction for the instant motion lies with






this Court." Relying on an unpublished Appellate Division opinion,[5] he submits that "[p]erhaps movants could have filed [their application] under R. 2:11-4[(a)] in the Appellate Division. However, the Appellate Division has ruled that such motion should be filed in the trial court."

## II. Conclusions of Law

New Jersey has long adhered to the policy that litigants bear their own expenses for attorneys' fees and costs, except where specifically authorized by statute, rule, or agreement. Velli v. Rutgers Casualty Ins. Co., 257 N.J. Super. 308, 309 (App. Div. 1998); Sunset Beach Amusement Corp. v. Belk, 33 N.J. 162 (1960). Our Supreme Court has observed that "that sound judicial administration is best advanced if litigants bear their own counsel fees." Satellite Gateway Com. v. Musi Dining Car Co., 110 N.J. 280, 285 (1988) (quoting State, Dept. of Envtl. Protect. v. Ventron Corp., 94 N.J. 473, 504 (1983)).

However, in 1988 our Legislature adopted the Frivolous Litigation Act, N.J.S.A. 2A:15-59.1 to –72 (the "Frivolous Litigation Act"). The Frivolous Litigation Act represented a departure from the traditional views espoused in New Jersey. One of the principal purposes of enacting the Frivolous Litigation Act was:

> to allow a party who prevails in a civil suit to recover reasonable attorney fees and litigation costs from the nonprevailing person if the judge finds that the legal position of the nonprevailing person was not justified and was commenced in bad faith solely for the purpose of delay or malicious injury, or that the nonprevailing party knew or should have known that the action was without any reasonable basis in law or equity.
>
> [Sponsor's Statement to Assembly Bill 1316.]

---

[5] In support of his argument, the Mieles' counsel submits, Boyd v. Rental Ctr. of Passaic, 2020 N.J. Super. Unpubl. Lexis 1581 (App. Div. 2020). However, "no unpublished opinion shall constitute precedent or be binding upon any court." R. 1:36-3. See Trinity Cemetery Association, Inc. v. Township of Wall, 170 N.J. 39, 48 (2001) (concluding that an unreported decision serves no precedential value and cannot reliably be considered part of our common law).






The Frivolous Litigation Act provides, in part, that:

> a. (1) A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim or defense of the nonprevailing person was frivolous . . . .
>
> b. In order to find that a complaint, counterclaim, cross-claim or defense of the nonprevailing party was frivolous, the judge shall find on the basis of the pleadings, discovery, or the evidence presented that either:
>
> (1) The complaint, counterclaim, cross-claim or defense was commenced, used or continued in bad faith, solely for the purpose of harassment, delay or malicious injury; or
>
> (2) The nonprevailing party knew, or should have known, that the complaint, counterclaim, cross-claim or defense was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.
>
> [N.J.S.A. 2A:15-59.1.]

Notably, an award of attorneys' fees under the Frivolous Litigation Act must be distinguished from an award of attorneys' fees permitted under R. 4:42-9. "R. 4:42-9(a)(8) recognizes the Legislature's authority to [statutorily] provide for the award of counsel fees. That subsection makes an exception in 'all cases where counsel fees are permitted by statute.'" McKeown-Brand v. Trump Castle Hotel & Casino, 132 N.J. 546, 555 (1993). Thus, distinct from the Frivolous Litigation Act, an award of attorneys' fees under R. 4:42-9 are those that have been specifically authorized by our Legislature "as part of the substance of a statutory cause of action." Id. at 556.

Importantly, the Frivolous Litigation Act has only limited applicability, permitting an award of attorneys' fees against the "nonprevailing party" due to "the improper manner in which






a party conducts litigation." McKeown-Brand, 132 N.J. at 556. Thus, the Frivolous Litigation Act provides no means of recourse against an attorney that has filed a frivolous pleading. See McKeown-Brand, 132 N.J. at 557; Berthelsen v. Hall, 194 N.J. Super. 22 (App. Div. 1984). Moreover, our Supreme Court has cautioned that a party who in pursuit of an "ill-founded claim," having duly "disclosed the relevant facts" to legal counsel and "in good faith relied on the attorney's [misguided] advice," cannot be found to have acted "in bad faith," and liable under the Frivolous Litigation Act. McKeown-Brand, 132 N.J. at 563. In sum, an award under the Frivolous Litigation Act against the "nonprevailing party" will only arise from the bad faith or improper conduct of a litigant in bringing the matter.[6]

R. 1:4-8 "supplements N.J.S.A. 2A:15-59.1." Masone v. Levine, 382 N.J. Super. 181, 192 (App. Div. 2005). R. 1:4-8 represents the exercise of the rulemaking authority conferred on our Supreme Court under the New Jersey Constitution. N.J. Const. Art. VI, § 2, ¶ 3 (providing that "[t]he Supreme Court shall make rules governing the administration of all courts in the State and, subject to the law, the practice and procedure in all such courts").

In contrast to the Frivolous Litigation Act, R. 1:4-8 requires both attorneys and self-represented litigants to certify that, by affixing their signature on a pleading, written motion, or other paper filed with the court, the document is not being presented to: (i) harass, delay, or cause unnecessary increased litigation costs; (ii) the claims, defenses, or legal arguments presented therein are justified under existing law, or by a resolute argument seeking to modify or reverse

---

[6] Additionally, our Appellate Division has stated that the "Frivolous Litigation Act does not apply to a frivolous appeal." Zavodnick v. Leven, 340 N.J. Super. 94, 103 (App. Div. 2001); see also Lewis v. Lewis, 132 N.J. 541, 545 (1993). Thus, the Frivolous Litigation Act is inapplicable to appeals, and no application for an award of attorney's fees rendered on appeal will be heard thereunder.






existing law; and (iii) based on the evidence known, the denial of any factual allegations are justified, or following a reasonable inquiry, any factual allegations will be withdrawn or amended.

R. 1:4-8(a).

R. 1:4-8(a) states, in pertinent part, that:

(a) Effect of Signing, Filing or Advocating a Paper. The signature of an attorney or pro se party constitutes a certificate that the signatory has read the pleading, written motion or other paper. By signing, filing or advocating a pleading, written motion, or other paper, an attorney or pro se party certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) the paper is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the factual allegations have evidentiary support or, as to specifically identified allegations, they are either likely to have evidentiary support or they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support; and

(4) the denials of factual allegations are warranted on the evidence or, as to specifically identified denials, they are reasonably based on a lack of information or belief or they will be withdrawn or corrected if a reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support.

[R. 1:4-8(a).]

Importantly, R. 1:4-8 imposes "procedural requirements . . . , which are not in the F[rivolous] L[itigation Act." Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 444 (App. Div. 2024) (citing Toll Bros., Inc. v. West Windsor Twp., 190 N.J. 61, 65 (2007)). Under R. 1:4-8(b)(1), prior to filing a motion for attorneys' fees or sanctions, "the aggrieved litigant must provide the attorney or pro se party with a procedural 'safe harbor.'" Toll Bros., Inc., 190 N.J.






Super. at 69. This safe harbor notice is intended to place the adversary on written notice to cease the alleged offending conduct within 28 days of service of the notice or face the prospect of sanctions. R. 1:4-8(b)(1).

Moreover, R. 1:4-8(b) requires a "litigant seeking sanctions . . . [to] file a separate motion describing the specific conduct alleged to be a violation of the Rule." Toll Bros., Inc., 190 N.J. Super. at 69 (citing R. 1:4-8(b)(1)). The motion for attorneys' fees and costs under R. 1:4-8 "must include a certification that the litigant seeking sanctions has served the written notice and demand on the attorney or pro se party." Ibid. Critically, R. 1:4-8(b) requires that the motion for attorneys' fees or sanctions "shall be filed with the court no later than 20 days following entry of final judgment." R. 1:4-8(b)(2). Notably, the term "final judgment" has been construed under R. 1:4-8 as "any order deciding a post-judgment motion whether or not that order is directly appealable." R. 1:4-8(b)(2).[7]

Thus, R. 1:4-8 permits entry of an award of sanctions and/or attorneys' fees against either an attorney or self-represented litigant who files a pleading, motion, or other paper with the court for "any improper purpose," or that asserts "a claim or defense that lacks . . . legal or evidential support." Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. at 444. A pleading, motion, or other paper is deemed frivolous "when 'no rational argument can be advanced in its support, or it is not supported by any credible evidence, or it is completely untenable.'" Trautner, 478 N.J. Super. at 448-49 (citing United Hearts, L.L.C. v. Zahabian, 407 N.J. Super. 379, 389 (App. Div.

---

[7] Notably, R. 2:11-3(a) provides that the Appellate Division "shall file a written opinion upon the final determination of every appeal." R. 2:11-3(a) (emphasis added). Moreover, R. 2:11-3(b) states that "[t]he opinion of the appellate court shall include its judgment, and no other form of judgment shall be required . . . The date of the filing of the opinion shall be deemed to be the date of the entry of the judgment." R. 2:11-3(b) (emphasis added).






2009)). The "term 'frivolous' has been accorded a restrictive interpretation . . . limited to claims or defenses made in bad faith, solely for the purpose of harassment, delay or malicious injury, or without any reasonable basis in law or equity." Trocki Plastic Surgery Ctr. v. Bartkowski, 344 N.J. Super. 399, 407 (App. Div. 2001) (citing McKeown-Brand, 132 N.J. at 561).

An award of sanctions and/or attorneys' fees is not warranted under R. 1:4-8 "'where the plaintiff has a reasonable good faith belief in the merit of [their] action.'" Trautner, 478 N.J. Super. at 448-49 (citing J.W. v. L.R., 325 N.J. Super. 543, 548, (App. Div. 1999)). Thus, when evaluating a motion presented under R. 1:4-8, the court must engage in a factfinding inquiry to discern whether any rational argument could be presented, based on the credible evidence known, that the pleadings, motion, or other papers filed with the court in support of a claim or defense have legal support.

However, here the court is not tasked with finding that any pleading, motion, or other papers filed by plaintiff with the Tax Court were frivolous or lacked a legitimate good faith basis. Rather, the Mieles' are asking this court to find that plaintiff's appeal, and subsequent briefs and/or motions submitted to the Appellate Division were frivolous and not based on any legitimate good faith arguments. Thus, as a threshold matter, this court must determine whether it has authority to entertain the Mieles' motion.

R. 2:11-4(a) governs applications for sanction and attorneys' fees rendered on appeal. R. 2:11-4(a) provides, in part, that:

> [a]n application for a fee for legal services rendered on appeal shall be made by motion supported by affidavits as prescribed by R. 4:42-9(b) and (c), which shall be served and filed within 10 days after the determination of the appeal . . . Fees may be allowed by the appellate court in its discretion:
>
> (1) In all actions in which an award of counsel fee is permitted






by R. 4:42-9(a), except appeals arising out of mortgage or tax certificate foreclosures.

(2) In a worker's compensation proceeding. Where the determination of the Supreme Court reverses a denial of compensation in the Appellate Division, the Supreme Court shall determine the fees for services rendered in both appellate courts.

(3) As a sanction for violation by the opposing party of the rules for prosecution of appeals.

[R. 2:11-4(a).][8]

Thus, our court rules dictate that an award of attorneys' fees and costs incurred before the Appellate Division and the New Jersey Supreme Court, may be permitted if they fit within the narrow corridor of: (i) causes of action identified under R. 4:42-9(a) (excluding mortgage or tax foreclosure appeals); (ii) worker's compensation proceedings; and (iii) as sanctions for an adversary's violation of our court rules. However, the rule mandates that such application "shall be made by motion [to the appellate court] . . . within 10 days after the determination of the appeal." R. 2:11-4(a).

"In the absence of a referral from the appellate court to the trial court, the trial court has no authority to award such fees." Tarr v. Bob Ciasulli's Mack Auto Mall, Inc., 390 N.J. Super. 557, 570 (App. Div. 2007) (citing R. 2:11-4), aff'd, 194 N.J. 212 (2008). Thus, absent a remand by Appellate Division or Supreme Court, the trial court is without the authority to entertain any

---

[8] R. 2:11-4 was amended effective September 1, 2024. Notably, the amendments included the addition of paragraph (b) stating that when an appeal results in a remand to the trial court "for further proceedings . . . and when the award of counsel fees abides the event, a party who may be eligible for attorney's fees on appeal after prevailing on the merits on remand shall request any attorney's fees sought for the appeal after completion of the remand" (emphasis added). R. 2:11-4(b). Thus, as amended, R. 2:11-4 makes a distinction between an application for attorney's fees where a matter has been remanded for further proceedings to the trial court, see R. 2:11-4(b), and where the appeal was decided, the trial court decision was affirmed, and attorneys' fees are permitted by statute, or arise from a violation of the court rules, see R. 2-11:4(a).






application for attorneys' fees or costs incurred on appeal under R. 1:4-8.

This principle that, an "[a]pplication[] relative to costs and allowances of counsel fees are to be made in the court in which the costs accrued or the services claimed for were rendered," has been a part of our state's jurisprudence for decades. Chattin v. Cape May Greene, Inc., 243 N.J. Super. 590, 614 (App. Div. 1990). See also U.S. Pipe, etc. v. United Steelworkers of America, 37 N.J. 343, 357, n. 1 (1962) (concluding that "it is elementary in our practice that applications relative to costs and allowance of counsel fees are to be made in the court in which the costs accrued or the services claimed for were rendered"); Sarner v. Sarner, 38 N.J. 463, 471 (1962) (concluding that "the application for [legal] services in the Appellate Division must be made to it"); Tooker v. Hartford Acci. & Indem. Co., 136 N.J. Super. 572, 578 (App. Div. 1975) (concluding that we agree that "the trial judge lacked the power to award counsel fees and costs for legal services rendered in the Appellate Division . . . The application for such allowance should have been made to this court."); Burris v. Police Dept. of West Orange, 338 N.J. Super. 493, 497 (App. Div. 2001) (concluding that "awards for legal services rendered on appeal are generally made [before] the Appellate Division.").

The court finds the Mieles' reliance on Boyd v. Renal Ctr. of Passaic is misplaced. In Boyd, the plaintiff filed a complaint, on October 18, 2017, asserting a cause of action against New Jersey Nephrology Associates, P.A. ("NJN"), Anantha Prakash, M.D. ("Prakash"), and Renal Center of Passaic ("RCP"), for breach of an employment contract. The trial court found that NJN and Prakash were not parties to the alleged contract, and no fraud or tort was perpetrated by them, and dismissed plaintiff's complaint against them. Subsequently, RCP moved for summary judgment arguing that plaintiff's claim was time-barred. The trial court found that plaintiff's breach of contract claim arose under N.J.S.A. 2A:14-1, and thus, he was required to file a






complaint within six years of the accrual of his claim. The trial court further determined that plaintiff's claim accrued on October 7, 2011, and thus, dismissed plaintiff's complaint against RCP as statutorily time-barred. Plaintiff timely filed an appeal, and counsel for NJN and Prakash served a safe harbor letter on plaintiff, under R. 1:4-8, asserting that "plaintiff's complaint and ensuing appeal are frivolous and in violation of Rule 1:4-8." Boyd at *9 (emphasis added).

Importantly, in Boyd, the Appellate Division emphasized that, "in their responsive briefs on appeal, both [NJN and Prakash] request[ed] that we sanction plaintiff under this rule [R. 1:4-8] and award attorney's fees to NJN and Prakash." Id. at *9-10. However, the Appellate Division expressly rejected the notion that NJN and Prakash could seek an award of attorneys' fees and costs by raising such claims in their briefs. Rather, the Appellate Division highlighted, that R. 1:4-8 "require[es] . . . that an application seeking sanctions be made by way of a separate motion." Id. at *14. Accordingly, the Appellate Division declined to entertain NJN and Prakash's request for attorneys' fees and costs. Moreover, the court finds that the Appellate Division's statement that NJN and Prakash "must seek such relief [under R. 1:4-8] by way of a separate motion, to be filed with the trial judge," refers to NJN and Prakash's assertions that the "plaintiff's complaint . . . [was] frivolous." Therefore, the court does not find that the Appellate Division's opinion in Boyd supports the Mieles' counsel's arguments.

Accordingly, the court finds that it lacks authority, under R. 2:11-4(a), to entertain the Mieles' motion requesting the court to make a finding that plaintiff's appeal was frivolous, and for attorneys' fees and costs rendered before the Appellate Division, under R. 1:4-8.

Therefore, for the above-stated reasons, the court denies the Mieles' motion without






prejudice. [9]

An Order further memorializing the court's opinion is being issued contemporaneously herewith.

Very truly yours,


Hon. Joshua D. Novin, J.T.C.

---

[9] Because the court found that it lacks the authority to entertain the Mieles' motion, the court declines to address the issues of: (i) whether plaintiff's appeal was frivolous; (ii) when the Appellate Division's October 10, 2024 opinion became a "final judgment," under R. 1:4-8; and (iii) the timeliness of the Mieles' motion.




