**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0956-23

MAGDOULEN A. SAWIRES,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
AND ELIZABETH BOARD
OF EDUCATION,

     Respondents.

_____

Submitted December 9, 2024 – Decided March 14, 2025

Before Judges Gummer and Jacobs.

On appeal from the Board of Review, Department of Labor, Docket No. 326131.

Magdoulen A. Sawires, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent Board of Review (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Kathryn B. Moynihan, Deputy Attorney General, on the brief).

La Corte, Bundy, Varady & Kinsella, attorneys for respondent Elizabeth Board of Education (Brian J. Kane, on the brief).

PER CURIAM

Plaintiff Magdoulen A. Sawires ("claimant") appeals from a final agency decision of the Board of Review deeming her ineligible for one week of unemployment benefits. Sawires was terminated from a non-tenured teaching position with the Elizabeth Board of Education ("EBE"). For reasons that follow, we affirm the Board's decision.

I.

In January 2022, claimant became an eighth-grade science teacher in the Elizabeth school system, employed by the EBE. In May of that year, the EBE issued two letters to claimant informing her that her contract would not be renewed for the 2022-2023 school year for "performance[-]related" reasons and that her last day of work would be June 30, 2022. In Sawires v. Elizabeth Board of Education, No. A-0071-23 (App. Div. June 3, 2024), we affirmed the Law Division's dismissal without prejudice of appellant's appeal of EBE's non-renewal decision.

Following her termination, which was effective June 30, 2022, claimant filed for and received unemployment benefits from July 31, 2022 through

November 5, 2022. On November 22, 2022, a deputy of the Division of Unemployment and Disability Insurance of the Department of Labor and Workforce Development ("Department") determined claimant was ineligible for benefits from October 23 to 29, 2022, as she had canceled a job interview due to illness that week. Claimant administratively appealed that decision. During a May 6, 2023 hearing before the Appeal Tribunal, claimant testified that during the week of October 23 to 29, 2022, she had asked to reschedule an interview with a potential employer because she was ill. Claimant asserted that although she had been "very sick" for "one to three days" during that time period, she was nonetheless actively seeking work.

On May 8, 2023, the Tribunal issued a decision finding plaintiff "ineligible for benefits from 10/23/2022 through 10/29/2022, as the claimant was not able to work, in accordance with N.J.S.A. 43:21-4(c)(1)." The pertinent portion of N.J.S.A. 43:21-4, as cited in the Tribunal's decision, reads:

> Benefit eligibility conditions. An unemployed individual shall be eligible to receive benefits with respect to any week eligible only if:
>
> (c) (1) The individual is able to work, and is available for work, and has demonstrated to be actively seeking work . . . .

A-0956-23

Claimant appealed the Tribunal's decision to the Board, appending documents to substantiate that she had applied for several positions between October 23, 2022 and October 29, 2022.  In a decision mailed on November 1, 2023, the Board dismissed plaintiff's appeal, concluding that there was no justiciable issue because plaintiff had "exhausted all benefits to which [she] was entitled on the claim dated July 31, 2022."  This appeal followed.

In response, the Board reiterates that petitioner's appeal is moot because she received all of the benefits to which she was entitled; namely, thirteen weeks of benefits at the rate of $804 per week, for a total of $10,452.  Appending proof in the form of payment summary and individual pay records captioned "NJDOL-LOOPS," counsel for the Board observes, "[t]hough Sawires did not receive any unemployment benefits for the week of October 23, 2022, to October 29, 2022 because of the Board's determination that she was unavailable for work, she then received benefits the following week of November 5, 2022, to November 12, 2022."  In reply, plaintiff does not challenge the accuracy of these proofs.  Instead, she repeats her assertion she was "availab[le] to work during the denied week" and presses arguments associated with her concomitant appeal that was the focus of our June 2024 decision.

4                                                              A-0956-23

II.

We employ a highly deferential standard of review of an administrative decision. Overall, on judicial review "[o]ur function is to determine whether the administrative action was arbitrary, capricious or unreasonable." Burris v. Police Dep't, 338 N.J. Super. 493, 496 (App. Div. 2001) (citing Henry v. Rahway State Prison, 81 N.J. 571, 580 (1980)); see also Aqua Beach Condo. Ass'n v. Dep't of Cmty. Affs., 186 N.J. 5, 15-16 (2006) (citation omitted). The agency decision must be supported by substantial credible evidence in the record as a whole. Circus Liquors, Inc. v. Middletown Twp., 199 N.J. 1, 10 (2009) (quoting Mazza v. Bd. of Trs., 143 N.J. 22, 25 (1995)). It must not offend either the state or federal constitution and must be in accord with the agency's legislative mandate. Ibid. "The burden of demonstrating that the agency's action was arbitrary, capricious or unreasonable rests upon the [party] challenging the administrative action." In re Arenas, 385 N.J. Super. 440, 443-44 (App. Div. 2006) (citations omitted).

Our jurisprudence provides that

> [m]ootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm. "A case is technically moot when the original issue presented has been resolved, at least concerning the parties who initiated the litigation." To

5

restate, "'an issue is "moot" when the decision sought in a matter, when rendered, can have no practical effect on the existing controversy.'"

Courts normally will not decide issues when a controversy no longer exists, and the disputed issues have become moot.

[Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010) (citations omitted).]

Having reviewed the entire record, we are satisfied claimant has not met her burden of proving that the agency's decision was arbitrary, capricious or unreasonable, or that it was not supported by substantial credible evidence in the record as a whole. Burris, 338 N.J. Super. at 496. Beyond this, the record reflects without meaningful contestation that claimant received the full amount of unemployment benefits she seeks and exhausted all benefits to which she was entitled, rendering her underlying claim moot. We therefore see no error in the Appeal Tribunal's decision of May 8, 2023, disallowing payment for the week in question. Likewise, we discern nothing arbitrary, capricious, or unreasonable in the Board of Review's final agency decision to dismiss claimant's contention as moot.

To the extent we have not addressed them, any other arguments on appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

6

A-0956-23